**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

MICHELLE GRINNELL                  :
                                   :
v.                                 :   Civil No. WMN-05-356
                                   :
CONTINENTAL AIRLINES, INC.         :

**MEMORANDUM**

Before the Court is the motion to transfer filed by
Defendant Continental Airlines, Inc.  Paper No. 15.  The
motion is unopposed and ripe for decision.  Upon a review of
the motion and the applicable case law, the Court determines
that no hearing is necessary (Local Rule 105.6) and that the
motion to transfer will be granted.

**I.  FACTUAL AND PROCEDURAL BACKGROUND**

Defendant, a Delaware corporation with its principal
place of business in Texas, is a major commercial airline.
Plaintiff, a Maryland resident, worked for Defendant as a
flight attendant and was based out of Newark Liberty
International Airport, in Newark, New Jersey.  Plaintiff filed
suit in this Court on February 4, 2005, claiming that
Defendant discriminated against her in violation of the Civil
Rights Act of 1964, 42 U.S.C. §§ 2000 et seq. and the Family
and Medical Leave Act, 29 U.S.C. §§ 2601 et seq. Defendant
filed its motion to transfer on May 16, 2005, pursuant to 28

U.S.C. § 1404(a).  Plaintiff did not oppose the motion.

## II. DISCUSSION

By Congressional statute, this Court may transfer a civil action over which it has jurisdiction "[f]or the convenience of parties and witnesses, in the interest of justice."  28 U.S.C. § 1404(a).  The statute gives district courts discretion "to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'"  Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (quoting Van Dusen v. Barrack, 376 U.S. 612, 622 (1964)).  "In a motion pursuant to § 1404(a), the burden is on the moving party to show that transfer to another forum is proper."  Lynch v. Vanderhoef Builders, 237 F. Supp. 2d 615, 617 (D. Md. 2002).

A district court determines the propriety of venue by considering the following factors: "(1) the weight accorded the plaintiff's choice of venue, (2) witness convenience and access, (3) convenience of the parties, and (4) the interest of justice."  Id.  Here, Plaintiff is a Maryland resident but it appears from the complaint that all of the alleged unlawful activity occurred in New Jersey where Plaintiff worked.  See Dicken v. United States, 862 F. Supp. 91, 92-93 (D. Md. 1994) (giving Maryland plaintiff's choice of Maryland forum "little

2

weight when none of the conduct complained of occurred in the forum . . . [and] forum has no connection with the matter in controversy").  Considering these facts, the Court therefore gives some deference to Plaintiff's forum choice but does not give it dispositive weight.

A leading treatise makes clear that witness convenience is probably the "most important factor" in the transfer decision, but that it is still weighed against other factors. Wright, Miller & Cooper, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 3851 (1986) (distinguishing convenience of witnesses from convenience of parties (Section 3849)).  Additionally, courts focus on the location of key witnesses, whom the party seeking transfer must identify, rather than balancing the total number of each party's prospective witnesses.  Id.

Defendant has made a substantial showing that possible third-party witnesses have much easier access to New Jersey than Maryland.  By sworn affidavit, Defendant's Manager of Human Resources for the Inflight Services Division (Newark and Cleveland bases), Mary Sturchio, states that Plaintiff's local union lodge, Local Lodge 2339-N of the International Association of Machinists and Aerospace Workers, has its office in Newark, New Jersey.  The affidavit further identifies the four union representatives (who are also

Defendant's employees)[1] involved in the handling of Plaintiff's workplace grievances and shows that all work out of Newark and none reside in Maryland.  Convenience of witnesses therefore favors transfer.[2]

Convenience of the parties also appears to favor transfer.  The Sturchio Affidavit shows that Defendant's two Inflight Senior Supervisers, its Senior Director of Inflight Services, and its Vice-President of Inflight Services, all of whom had personal involvement with the handling of Plaintiff's workplace grievances, are based in New Jersey.  Two of the four also reside in New Jersey and none live in Maryland.

While transfer cannot be exercised merely to shift inconvenience from one party to the other, the record here is barren of any reason, except Plaintiff's residence in Maryland, to keep the case in Maryland.  Transfer is supported by the fact that Plaintiff, while residing in Maryland, did the following in New Jersey: (1) applied for work with Defendant; (2) was hired by Defendant; (3) reported to work for Defendant;(4) was counseled under her Collective

---

[1]   The Court need not resolve whether the union representatives are third-party witnesses or parties to the case to find that full consideration of the transfer factors favors transfer to New Jersey.

[2]   The remaining potential witnesses all appear to be parties to the case or their agents.

4

Bargaining Agreement; and (5) filed her grievance. Furthermore, Plaintiff's superviser, her base director, her union representatives, and her personnel files and related work records are all still located in New Jersey.  There is also nothing to indicate that Plaintiff would be particularly burdened by attending trial in New Jersey.  Taken together, these factors strongly favor transfer.

Finally, the interests of justice also favor transfer to New Jersey.  While Maryland naturally has an interest in the rights of its resident, for the reasons stated above, there is no indication that Plaintiff's access to justice will be impaired by transfer of her claim to New Jersey.  Justice, however, does favor transfer that will facilitate access to the documents and records kept by both the Defendant and the third-party union.

For the reasons stated in this Memorandum, this action will be transferred to the District of New Jersey.  A separate order consistent with the reasoning of this memorandum will follow.

_____/s/_____
William M. Nickerson
Senior United States District Judge

Dated: June 15, 2005